IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL KEITH MATTHEWS,           )
    Petitioner,                  )  Civil Action No. 2:14-cv-09
                                 )
v.                               )
                                 )  Magistrate Judge Susan Paradise Baxter
BOBBY L. MEEKS,                  )
    Respondent.                  )

# **OPINION**[1]

Presently before the Court is a petition for a writ of habeas corpus filed by the petitioner, Daniel Keith Matthews, pursuant to 28 U.S.C. § 2241. [ECF No. 7]. For the reasons set forth below, the petition, as well as a motion for judgment [ECF No. 11] in which he seeks the same relief, are dismissed as moot.

## I.

**A.**    **Background**

On or around February 25, 2014, Matthew submitted for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and the required $5.00 filing fee. [ECF Nos. 6, 7]. In his petition, he challenged the length of his Residential Re-Entry Center ("RRC") placement. He contended that he should have been placed in an RRC by November 1, 2013, and as relief sought an Order from this Court directing the Bureau of Prisons (the "BOP") to immediately place him in an RRC. He also filed a motion for judgment [ECF No. 11] in which he essentially requested the same relief.

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. [ECF Nos. 4, 14].

1

Respondent's Answer was originally due on May 9, 2014. On that date, Respondent filed a Notice Of Suggestion Of Mootness [ECF No. 13] in lieu of an Answer in which he explained that Matthews had been released to an RRC and, therefore, this case now is moot.[2]

**B.     Discussion**

It is a well-established principle that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy as required by Article III of the Constitution. See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant *and likely to be redressed by a favorable judicial decision*." Burkey, 556 F.3d at 147 (emphasis added) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990), which cited Allen v. Wright, 468 U.S. 737, 750-751 (1984) and Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471-473 (1982)).

"The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." Id. (citing Lewis, 494 U.S. at 477-78). Thus, if developments occur during the course of adjudication that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from being able to grant effective relief, the case must be dismissed as moot. Id. at 147-78. See also Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

Applying the above precepts to this case, the Court must conclude that the petition is moot. As demonstrated by Respondent, the BOP has released Matthews to an RRC. Accordingly, there is no relief that this Court can provide to him and this habeas case is now moot. Spencer, 523 U.S. at 18

---

[2]     This Court expressly advised Matthews that he is under a continuing obligation to notify the Court of any change of address. [ECF No. 8]. He has not done so. His address of record is still the Federal Prison Camp McKean and that is where the Court must send this Report and Recommendation.

("[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so.").

## **II.**

For the reasons set forth above, the petition for a writ of habeas corpus and motion for judgment are dismissed as moot.[3]

                            /s/ Susan Paradise Baxter
                            SUSAN PARADISE BAXTER
                            United States Magistrate Judge

Dated: May 23, 2014

Notice via CM/ECF to Respondent and
via first-class mail to Petitioner at his address of record:

    Daniel Keith Matthews
    07668-068
    Federal Prison Camp McKean
    Post Box 8000
    Bradford, PA 16701

---

[3] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL KEITH MATTHEWS,<br>Petitioner,<br><br>v.<br><br>BOBBY L. MEEKS, et al.,<br>Respondents. | Civil Action No. 2:14-cv-09<br><br>Magistrate Judge Susan Paradise Baxter |

# **ORDER**

**AND NOW,** this 23rd day of **May, 2014**;

**IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus [ECF No. 7] and motion for judgment [ECF No. 11] are **DISMISSED** as moot. The Clerk of Courts is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge